UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01963-SB-AFM | Date: | April 11, 2022 |
|---|---|---|---|

| Title: | *Antonio Fernandez v. Sukhjinder Singh* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**     **ORDER TO SHOW CAUSE RE: SANCTIONS**

      Plaintiff Antonio Fernandez, represented by the Center for Disability Access, filed this action alleging claims under the Americans with Disabilities Act and the Unruh Act. Dkt. No. 1. On March 25, 2022, the Court issued a 3-page order to show cause (OSC) explaining that "[t]his appears to be a case in which the Court should decline supplemental jurisdiction over Plaintiff's Unruh Act claim under Section 1367(c)(4) to protect the comity interests identified in [*Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021)]." Dkt. No. 10 at 2. The Court ordered Plaintiff "to show cause in writing why the Court should not dismiss without prejudice his Unruh Act claim under Section 1367(c)(4)" and specified matters that must be contained in the response:

> Plaintiff's response must identify the amount of statutory damages Plaintiff seeks to recover and must be supported by declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if Plaintiff and his counsel satisfy the definition of a "high-frequency litigant" as provided by Cal. Code Civ. Proc. § 425.55(b)(1)–(2).

*Id.* at 1–2.

Plaintiff filed a response that completely ignores both the substance of the Court's concerns and the specific instructions in the Court's order.  Dkt. No. 15.  Plaintiff devotes ten pages to discussion of nominal damages, state procedural protections, and increased filing fees.  Plaintiff's response does not address *Arroyo*'s discussion of comity concerns that the Court ordered Plaintiff to address.  Indeed, it does not even mention *Arroyo* or § 1367(c)(4).  Nor did Plaintiff identify the amount of statutory damages he seeks to recover or provide the declarations required by the Court's OSC.

It appears that the Center for Disability Access, which regularly files similar cases in this Court (including numerous other cases with this Plaintiff), has simply reused a boilerplate OSC brief drafted to respond to different concerns about Unruh Act claims raised by a different court.  Indeed, the response erroneously refers to a different plaintiff and addresses the rules of a different court.  *See* Dkt. No. 15 at 4 (referring to claims in complaint as those of "Mr. Whitaker"), 6 ("Here in the Northern District we have General Order 56 . . . .").  Such tactics do not satisfy counsel's obligations to comply with the Court's orders, reflect a lack of good faith, and create unnecessary work for the Court.

IT IS HEREBY ORDERED that Plaintiff Antonio Fernandez shall show cause at a hearing on **April 22, 2022** at 8:30 a.m. in Courtroom 6C why he and his counsel should not be sanctioned for acting in bad faith and failing to comply with the Court's order.  Plaintiff shall file a written response to this OSC by no later than **April 15, 2022**.